JOHN MACKIN, Appellee, v. MINNEAPOLIS & ST. LOUIS RAILROAD COMPANY, Appellant.

APPEAL AND ERROR: Questions of Fact—Conflict of Evidence—
1 Findings of Jury—Conclusiveness. A finding of the jury on a fair conflict of evidence is conclusive on appeal.

CARRIERS: Carriage of Live Stock—Diligence—Evidence. Evi-
2 dence reviewed, and held sufficient to carry to the jury the question of the diligence of a carrier in transporting live stock.

CARRIERS: Carriage of Live Stock—Diligence—Burden of Proof.
3 Burden of proof is on carrier to show that live stock was transported with reasonable dispatch, even in cases where the shipper accompanies the shipment. (Sec. 2116, Code Supp., 1913.)

*Appeal from Marshall District Court.*—B. F. CUMMINGS, Judge.

FRIDAY, MAY 5, 1916.

ACTION at law to recover damages for failure to transport two carloads of hogs from St. Anthony to Marshalltown, Iowa, on day named. There was a jury trial. Plaintiff claimed $138.91, but, because of a failure of proof as to some items, the recovery was but $104.95. Defendant appeals.—*Affirmed.*

*C. H. E. Boardman, W. H. Bremner* and *F. M. Miner,* for appellant.

*Bradford & Johnson,* for appellee.

PRESTON, J.—1. St. Anthony is in Marshall County, northwest of Marshalltown. The evidence shows, or the jury could have found, that plaintiff was a stock shipper at St. Anthony, and, on January 12, 1912, two cars had been furnished him to ship hogs to Marshalltown, Iowa; that he loaded one car of hogs and had the others in the yard to load into

the other car, but could not pinch the car up because of snow
on the rail, and only waited to so load until the appellant's
engine came along and would take the car up to the chute
to load; that, after loading one car, plaintiff went to the depot
and billed the two cars and issued to appellant bills of lading;
that, before loading, he talked with appellant's agent, who
told him to get all the hogs in now, as an extra train was
coming, and he would get rid of them before another storm.
It is contended by appellee, and we think the evidence was
sufficient to authorize the jury to find, that it would not have
been necessary to feed the hogs, and none of them would have
died, nor would there have been any damages, if they had
been taken to Marshalltown by the extra, as agreed by appel-
lant's agent. Plaintiff got the hogs in and loaded one car
and was ready to load another. The conductor of the extra
said he could take the car if he had an order; that he had
plenty of power and plenty of steam. The telegraph instru-
ments were working all the time until it is claimed that
defendant took the stock.

The train left Story City, west of St. Anthony, at 7:00
A. M., and got to Marshalltown at 11:00 A. M. The train
leaving Story City on the 12th got to Marshalltown two or
three hours late. It is claimed by appellee that the so-called
snow blockade was northwest of St. Anthony and there was
no such blockade between St. Anthony and Marshalltown.
One carload of the hogs was kept on the car, and the other
in defendant's stockyards.

There is a conflict in the testimony as to a certain con-
versation between plaintiff and the station agent, but this
left it a question for the jury. Under the pleadings, issues of
law were those involving admission and exclusion of evidence,
liability of a common carrier for delay occasioned by un-
precedented storms as an act of God, what constitutes delivery
to a common carrier, and whether the plaintiff may sue.

The assignments of error relate to these matters. It is
conceded by appellant that the issues of fact involve the ques-

tion of weather conditions, delivery to the carrier as such,
amount of damage and loss suffered, and
ownership of the hogs. As there was a con-
flict in the testimony as to these disputed
questions of fact, such questions were for the
jury, and the evidence is sufficient to sustain
the findings. The principal defense in the lower court seems
to have been as to whether there was such a snow storm as
to constitute, under the circumstances, an act of God, and to
excuse the defendant. The evidence was directed largely to
this point. Some of the evidence has been referred to, but we
shall not set it out more fully. The instruction of the court
on this subject, of which no complaint is made, is substantially
that a snow storm of such violence, or a state of weather of
such a condition, as would prevent the reasonable and safe
moving of trains is an act of God.

1. APPEAL AND ER-
ROR: questions
of fact: conflict
of evidence:
findings of
jury: conclu-
siveness.

Our conclusion is that the evidence is such that it was
for the jury to say whether defendant exercised reasonable
diligence in transporting the hogs. Where
the company accepts live stock for shipment,
it is its duty to transport the same with all
reasonable dispatch to the point of destination.

2. CARRIERS: car-
riage of live
stock: dili-
gence: evi-
dence.

2. The appellee accompanied the stock, and it is con-
tended by appellant that the carrier does not have the burden
of proof where the stock is so accompanied by the owner. It is
contended by appellant that the common law
placed the burden of proof on the carrier
as to matters which were peculiarly within the
knowledge of the carrier, and that this rule
was qualified where the reason for its application fails, as
where the shipper or his agent accompanies the shipment.
In reply to this, appellant cites Sec. 2116, Code Supp., 1913.
The addition to this section is as follows:

3. CARRIERS: car-
riage of live
stock: dili-
gence: burden
of proof.

"In any suit or action in court brought against a railroad
corporation for the purpose of enforcing rights arising under
the provisions of this section, the burden of proving that the

provisions of this section have been complied with by such railroad corporation shall be upon such railroad corporation.''

The statute makes no exception in cases where the owner accompanies the stock.

One or two other minor matters are discussed briefly, but they are not of controlling importance. We are of opinion that there is no prejudicial error, and the judgment is, there-fore,—*Affirmed.*

EVANS, C. J., DEEMER and WEAVER, JJ., concur.